Citation Nr: 1456930 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 08-35 454 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for a skin disorder, to include as due to exposure to Agent Orange or as secondary to service-connected scars or service-connected posttraumatic stress disorder.


REPRESENTATION

Veteran is represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Banister, Associate Counsel
INTRODUCTION

The Veteran served on active duty from September 1966 to April 1970. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

The issues of entitlement to service connection for gouty arthritis; chronic pancreatitis; and alcohol abuse, as secondary to service-connected posttraumatic stress disorder (PTSD), have been raised by the record in a September 2014 appellate brief, but have not been adjudicated by the RO. Additionally, the issue of entitlement to service connection for bilateral venous insufficiency, as secondary to service-connected scars, has been raised by the record in a November 2011 VA examination. Therefore, the Board does not have jurisdiction over these claims, and they are referred to the RO for appropriate action. 38 C.F.R. § 19.9(b) (2014). 


REMAND

The Veteran contends that he first sought treatment for his skin disorders in September 1998. In June 2011, the Veteran submitted a letter from W.B., C.R.N.P., of King of Prussia Family Medicine (KPFM), along with a waiver of RO review, indicating that the Veteran was evaluated for many rashes since his first visit in September 1998. In a September 2011 remand, the Board noted that the Veteran's claims file did not contain treatment records from KPFM and directed the RO to obtain copies of any private treatment records identified by the Veteran, including all treatment records from KPFM. In January 2012, the RO sent a signed authorization and a request for medical records to KPFM. In February 2012, A.E., M.D., of KPFM, responded with a letter indicating that there is no mention of a rash or skin disorder in any of the Veteran's treatment records. Later that month, the Veteran submitted a statement indicating that he contacted KPFM in an effort to obtain his records. In a March 2012 letter, the RO advised the Veteran that in contrast to the statement from Nurse W.B., Dr. A.E. stated that KPFM did not have any treatment records for the Veteran relating to a rash or skin disorder. The RO further indicated that because the Veteran also requested records from KPFM, the RO would not make any additional requests until the Veteran contacted the RO. Although the RO attempted to obtain the Veteran's private treatment records, the evidence of record contains conflicting information as to whether KPFM has any records relevant to the Veteran's service connection claim. Therefore, the Board finds that remand is necessary in order to obtain all of the treatment records KPFM has for the Veteran, regardless of whether they appear to relate to a skin disorder. 

Additionally, the September 2011 remand directed the RO to provide the Veteran with an appropriate dermatology examination to determine the etiology of any current skin disorder. The Veteran was provided a VA examination in November 2011, with an addendum submitted in October 2012. Later in October 2012, a supplemental opinion from a second VA examiner was provided. In the October 2012 supplemental opinion, the VA examiner opined that the Veteran's current rosacea and eczema were not incurred in service, and were not due to or aggravated by a service-connected disability. In support of this conclusion, the supplemental examiner opined as follows:

It is my medical opinion that the Veteran's claimed disorder of dyshidrotic eczema is less likely than not (less than 50 percent probability) proximately due to or the result of the Veteran's service connected disorder of scars.

Rationale:
. . .

There is no evidence that the Veteran has any metallic foreign bodies remaining in his body from his shrapnel injuries based upon x-rays.

The VA examiner opined that the Veteran's dyshidrotic eczema was not related to the Veteran's shrapnel wounds because x-rays show no metallic foreign bodies remaining in the Veteran's body. However, the record indicates that an x-ray taken during an August 1970 VA examination showed a metallic foreign body three-eighths of an inch by one-eighth of an inch in the soft tissue lateral to the left tibia. See Reonal v. Brown, 5 Vet. App. 458, 460-61 (1993) (holding that medical opinions based on an inaccurate factual premise are not probative). Consequently, the Board finds that the October 2012 supplemental opinion, with respect to a nexus between the Veteran's dyshidrotic eczema and his service-connected shrapnel wounds, is inadequate. Once VA undertakes the effort to provide an examination when developing a service-connected claim, even if not statutorily obligated to do so, VA must provide an adequate one or, at a minimum, notify the veteran why one will not or cannot be provided. Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). Consequently, the Board finds that a remand is required in order to obtain a supplemental opinion or afford the Veteran another VA examination.

Furthermore, in a September 2014 appellate brief, the Veteran's representative asserted that the Veteran's current skin disorders were caused or aggravated by his service-connected PTSD. In support of this contention, the Veteran's representative submitted an article titled "VA/DoD Clinical Practice Guideline for Management of Post-Traumatic Stress" and other literature prepared by VA, the National Institute of Health, and the Mayo Clinic. This additional evidence was submitted without a waiver of RO jurisdiction. See 38 C.F.R. § 20.1304 (2014). Consequently, the Board finds that a remand is necessary in order to obtain a supplemental opinion from an appropriate VA examiner regarding the relationship, if any, between a current skin disorder and the Veteran's service-connected PTSD and to provide the RO with an opportunity to consider this newly acquired evidence. 

Accordingly, the case is remanded for the following action:

1. The RO must attempt to obtain all of the Veteran's private treatment records from KPFM, regardless of whether they appear to pertain to a skin disorder. When requesting records not in the custody of a Federal department or agency, such as private treatment records, the RO must make an initial request for the records and at least one follow-up request if the records are not received or a response that records do not exist is not received. 

All attempts to secure this evidence must be documented in the claims file. If, after making reasonable efforts to obtain the named records, the RO is unable to secure the same, the RO must notify the Veteran and (a) identify the specific records the RO is unable to obtain; (b) briefly explain the efforts that the RO made to obtain those records; (c) describe any further action to be taken by the RO with respect to the claim; and (d) that he is ultimately responsible for providing the evidence. The Veteran and his representative must then be given an opportunity to respond.

2. The claims file and all electronic records must be made available to the October 2012 supplemental VA examiner to obtain a second supplemental opinion. If the October 2012 supplemental VA examiner is not available, the evidence of record must be provided to an appropriate substitute. The examiner must review all pertinent records associated with the claims file, including any private treatment records obtained by the RO, and the examiner must specify in the examination report that these records have been reviewed. After reviewing the evidence of record, the examiner must:

a. Provide an opinion as to whether any currently or previously diagnosed skin disorder was incurred in or due to the Veteran's active duty, to include as due to due herbicide exposure.

b. Provide an opinion as to whether any currently or previously diagnosed skin disorder is caused or aggravated by the Veteran's service-connected shrapnel wounds. In so doing, the examiner must specifically consider and discuss the x-ray taken during the August 1970 VA examination

c. Provide an opinion as to whether any currently or previously diagnosed skin disorder is caused or aggravated by the Veteran's service-connected PTSD. In doing so, the examiner must specifically consider and discuss the medical literature submitted by the Veteran in the September 2014 appellate brief addressing the relationship between PTSD and skin disorders.

The examiner must provide a complete rationale for all opinions expressed. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. The examiner must indicate whether an opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner. 

3. After the development requested has been completed, the RO must review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the RO must implement corrective procedures at once. 

4. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claims must be re-adjudicated, to include all relevant evidence submitted since the October 2012 supplemental statement of the case. If the benefits sought on appeal remain denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran has had an adequate opportunity to respond, the appeal must be returned to the Board for further appellate review.

No action is required by the Veteran until he receives further notice; however, he may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).